Price, J.
Tt is quite apparent from an examination of the record, that the contentions of the parties in the trial court centered on the issue tendered by the answer, that when the insurance company employed W. E. Hoyer, a brother of plaintiff below, as its general agent at Columbus, it was a part of the contract of employment, that W. E. Hoyer assumed to discharge all the obligations of the company to Douglas F. Hoyer, and save it harmless frota the guaranty sued On, and that the latter, having full knowledge of the contract of assumption by W. E., consented to, and adopted the same, and thereafter reported to this general agent, and looked to him for *348 payment for his services, and not to the insurance company. There was evidence before the jury which tended to support this issue, as tendered by the company.
The plaintiff below denied all knowledge of his brother’s agreement to assume the guaranty and to discharge its obligations to him, and likewise denied that he ever assented to the substitution of his brother in the contract, or that he accepted or adopted the same. This being the character and importance of the controversy, it was the duty of the trial court to so instruct the jury, that it would have no trouble in applying the l^aw to the evidence as to the effect of the facts, circumstances and the conduct of the plaintiff below, which were largely relied upon by the insurance company, to prove his knowledge and acceptance of the new contract so far as it related to him.
It is not doubted as a question of law, that if the plaintiff did have such knowledge and assented to the substitution of W. E. Hoyer as the guarantor in the place of the insurance company, and accepted him as paymaster for services thereafter to be rendered, there was thus established a novation of contract which would release the insurance company from all further liability to him for such services. This novation of contract might be brought about by the substitution of a new debtor in place of the old one with intent to release the latter. And it is not essential that the assent to and acceptance of the terms of novation be shown in express words to that effect, but the same may be established by sufficient attending facts, circumstances and subsequent' course of conduct. The plaintiff, by parol, could have released the insurance company from its writ *349 ten guaranty to him, and if the contract of novation between the company and W. E. Hoyer was made as alleged, it was competent for the plaintiff to accept by parol the provisions made therein for him.
Hence, the duty of the trial court to inform the jury of these elementary principles for their guidance, and it was a proper case in which to instruct the jury, not as to what weight they should attach to any fact or circumstances presented, but what fact, circumstances or course of conduct of the parties, as disclosed by the testimony, it was their duty to consider as bearing upon this part of the controversy. This duty, we believe, the court did not fully perform. On the prominent, if not the paramount issue we have been considering, the charge of the court is very scant. It has the virtue of brevity, but in this case, the brevity became a fault. The jury was told in the most general terms that the plaintiff held the affirmative to show that there was something due him from the defendant, and that if he satisfied them by a preponderance of the testimony that something was due him, they should so find, but if he failed to so satisfy them, the verdict should be for defendant. This was followed by a statement, that, if the plaintiff satisfied the jury of the validity of the contract (a matter not in the case), and that something w$s due him, the sum due with interest thereon should be the verdict. The jury was next told to look to the services performed under the contract between the plaintiff and the insurance company, and that for services rendered he was entitled to $60 per month, less any commissions on business done by him during that time. Further, the court said, that if this contract was in any way terminated by the plaintiff, he would not be entitled to recover *350 for any services rendered after that time; and, if it was terminated by the defendant, by notifying the plaintiff of that fact, he could not recover for services rendered after such notice. The court then added: “But to terminate it by notice, the company would have to give that notice to the plaintiff, would, have to bring it tó his attention, so that he had knowledge of the fact. It would not be sufficient on the part of the defendant to terminate the contract by notifying some of the other agents; for instance, W. E. Hoyer, the general agent here. If that was not communicated to the plaintiff in this case, he would not be bound by it.”
This language is good law, so far as it goes, on one phase of the dispute between the parties, but it does not touch upon what seems to have been the vital question raised by the pleadings and the testimony, ¡namely, the plaintiff’s knowledge of the contract of novation, his acceptance of the terms of the same, and his conduct thereafter in performance of the services. This was a subject of serious dispute betAveen the plaintiff and defendant. No mention was made of the doctrine of mwation of contract.
At this stage of the charge counsel for the insurance company made the following request: “Mr. Powell: I would like to ask, the court to charge this: If they find from the evidence that W. E. Hoyer, the general agent, in February, 1891, assumed the guaranty named in the written contract, of $60 per month, and the plaintiff in this case learned of that fact, and accepted it, and acted upon it and waived his claim for commissions on that account, then he could not recover.”
This request invited the attention of the court to the question of novation, and it should have met with *351 a suitable response. The court, however, said: “If there was a contract between the company and W. E. Hoyer, by which W. E. Hoyer assumed and agreed to pay the guaranty under the contract between D. F. Hoyer and the insurance company, and D. F. Hoyer was a party to that contract between W. E. Hoyer and the company of the assumption on the part of W. E. Hoyer; or, if the plaintiff agreed to that contract and agreed to accept W. E. Hoyer as guarantor under that contract, then he would have to look to W. E. Hoyer for it. But if the contract between W. E. Hoyer and the company of assumption on the part of W. E. Hoyer of the guaranty in the contract between D. F. Hoyer and the company was simply between W. E. Hoyer and the company without the knowledge or consent of D. F. Hoyer, then it would have no effect on him, and would simply be a contract between W. E. Hoyer and the insurance company, and would not bind the plaintiff in this case. In other words, it would not bind him unless he was a party to it, or agreed to accept under it.”
It will be seen that the jury was not told what the effect on the case would be, if the plaintiff had had knowledge of the new contract and consented thereto, but it was made prominent throughout the not very lucid paragraph, that the contract between W. E. Hoyer and the insurance company would not bind the plaintiff unless he was a party to it, or, agreed to accept under it; and the jury might well understand the court to mean, that if the plaintiff was not a party to the novation contract, he was not bound by it unless by express words he agreed to accept under it.
There was no room left for the jury to imply such an agreement from all the attending facts and cir *352 cumstanc.es, and the conduct of the plaintiff’s business thereafter.
The charge falls far short of what was asked by counsel for the insurance company, and the instruction solicited is not, in either form or substance, found in any part of the charge, and for this reason the case was not properly and fairly submitted to the jury.
For error in the charge and for not charging as requested, the judgments of the circuit and common pleas are reversed, and cause is remanded.

Judgment reversed.

Burket, Spear, Davis and Shauok, JJ., concur.